IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| LUIS CRUZ RODRIGUEZ, | *   Crim. No. JKB-16-259 |
| Defendant. | * |

## MEMORANDUM AND ORDER

Before the Court is Mr. Rodriguez's Motion to Reduce Sentence (ECF No. 1755). For the reasons stated below, the Motion will be denied.

### I. BACKGROUND

On November 3, 2020, Mr. Rodriguez pled guilty to conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a). (ECF Nos. 993, 995.) He admitted to being an associate of members of MS-13, and to knowingly driving gang members to and from a murder so that the gang members could participate in said murder. (ECF No. 995 at 9–11.) The Court sentenced Mr. Rodriguez to 120 months in prison followed by 3 years of supervised release. (ECF No. 997.) His current projected release date is February 11, 2027. (ECF No. 1755 at 2.)

### II. ANALYSIS

Mr. Rodriguez moves pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2). (*Id.* at 1.) He further requests counsel pursuant to 18 U.S.C. § 3582(c) and 18 U.S.C. § 3006A. (*Id.* at 6.)

To begin, the Court will deny Mr. Rodriguez's request for counsel. 18 U.S.C § 3582(c) does not provide this Court with any mechanism to provide counsel. 18 U.S.C. § 3006A permits

the Court to appoint counsel if "the interests of justice so require" for a person "seeking relief under section 2241, 2254, or 2255 of title 28." Mr. Rodriguez, however, is not seeking relief under those provisions and so is not entitled to counsel under 18 U.S.C. § 3006A. Regardless, this Court has inherent discretion to appoint counsel for Mr. Rodriguez if the circumstances warranted doing so. They do not. Here, the Court will deny Mr. Rodriguez's Motion for compassionate relief and the appointment of counsel would not change that outcome or assist the Court in the disposition of this Motion. Accordingly, Mr. Rodriguez's request for counsel will be denied. *See United States v. Kelly*, Crim. No. JKB-15-0647, 2023 WL 4373389, at *2 (D. Md. July 6, 2023).

Turning to 18 U.S.C. § 3582(c)(2), this provision permits sentence reductions "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Mr. Rodriguez contends he is eligible for a sentence reduction under this provision pursuant to Amendment 821 to the Sentencing Guidelines or 18 U.S.C. § 3553(f). Neither provision is applicable. First, Amendment 821, as relevant here, provides for a two-level decrease for certain defendants with no criminal history points. However, for that provision to apply, the offense must not have resulted in "death or serious bodily injury." USSG § 4C1.1(a)(4). Mr. Rodriguez's offense resulted in the murder of Victim 14. (ECF No. 995 at 11.) Therefore, he is not eligible for a sentence reduction under Amendment 821.

Second, 18 U.S.C. § 3553(f) permits courts to sentence without regard to mandatory minimums for certain defendants charged under 21 U.S.C. §§ 841, 844, and 846, 21 U.S.C. §§ 960 and 963, or 46 U.S.C. §§ 70503 and 70506. Mr. Rodriguez was not charged under any of those statutes, and so this provision is not applicable to him. Accordingly, Mr. Rodriguez is not eligible

2

for any sentence reduction under 18 U.S.C. § 3582(c)(2).[1]

Lastly, Mr. Rodriguez requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this provision, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the Court has previously explained, the Court will "consider *any* extraordinary and compelling reason for release that a defendant might raise." *See United States v. Smith*, Crim. No. JKB-12-479, 2024 WL 733221, at *1 (D. Md. Feb. 21, 2024) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Mr. Rodriguez has not presented the Court with any extraordinary and compelling justification for release and accordingly his Motion will be denied. Based on Mr. Rodriguez's submissions, it appears the § 3582(c)(2) arguments discussed above are the only extraordinary and compelling circumstances proffered by Mr. Rodriguez. (ECF No. 1755 at 5.) As the Court has already explained, he is not entitled to any relief under § 3582(c)(2). Accordingly, Mr. Rodriguez has failed to present any extraordinary and compelling basis for a sentence modification and therefore his motion must be denied.

Further, even if he had presented extraordinary and compelling circumstances, the § 3553(a) factors do not weigh in favor of a sentence reduction. The § 3553(a) factors require the Court to impose "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2)

---

[1] Mr. Rodriguez also appears to take issue with his Guidelines calculation, suggesting that his Base Offense level should have been 31. (ECF No. 1755-1 at 2.) This is incorrect. Mr. Rodriguez pled guilty to a violation of 18 U.S.C. § 1959(a)(5), so the applicable guideline provision is §2E1.3. And, in this circumstance, pursuant to §2E1.3(a)(2), the applicable offense level is the level applicable to the underlying crime, here conspiracy to commit a murder that resulted in the death of the victim (First Degree Murder). The Base Offense Level for first degree murder is 43. USSG §2A1.1(a).

the need for the sentence imposed to, *inter alia*, reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, provide just punishment, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims.

A 120-month sentence remains sufficient but not greater than necessary to satisfy the § 3553(a) factors. Mr. Rodriguez was involved in a brutal murder. This is the most serious of offenses and it requires a significant term of imprisonment to reflect that seriousness, as well as to promote respect for the law, deter such conduct and protect the public. While Mr. Rodriguez's involvement in the murder was relatively minor, he still contributed to the killing of another person. His merely supporting role is reflected in his significantly shorter sentence. The average murder sentence in the Fourth Circuit in 2023 was 285 months.[2] Mr. Rodriguez's sentence is less than half that. While the Court commends Mr. Rodriguez on his rehabilitation efforts, a 120-month sentence is sufficient but not greater than necessary to satisfy the § 3553(a) factors.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Mr. Rodriguez's Motion (ECF No. 1755) is DENIED; and

2. The Clerk of Court shall MAIL a copy of this Memorandum and Order to Mr. Rodriguez.

DATED this __3__ day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

---

[2] https://www.ussc.gov/research/data-reports/geography/2023-federal-sentencing-statistics.